USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#: _____
DATE FILED: 5-14-24

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

UNITED STATES OF AMERICA

    - v. -

RAKING KEARSE,
   a/k/a "Rah Rah,"
                        Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

CONSENT PRELIMINARY ORDER
OF FORFEITURE/
MONEY JUDGMENT

S4 18 Cr. 263 (ALC)

        WHEREAS, on or about October 14, 2021, RAKING KEARSE (the "Defendant"), was charged in a twelve-count Information, S4 18 Cr. 263 (ALC) (the "Information"), with, *inter alia,* attempted Hobbs Act robbery, in violation of Title 18, United States Code, Section 1951 (Count One); conspiracy to commit kidnapping, in violation of Title 18, United States Code, Section 1201(c) (Count Two); conspiracy to distribute controlled substances and narcotics, in violation of Title 21, United States Code, Section 846 (Counts Four and Eight); conspiracy to commit honest services wire fraud and possess contraband in prison, in violation of Title 18 United States Code, Section 371 (Count Six); honest services wire fraud, in violation of Title 18, United States Code, Sections 1343, 1346, and 2 (Count Seven); bank fraud, in violation of Title 18, United States Code, Section 1344 (Count Nine); and wire fraud, in violation of Title 18, United States Code, Section 1343 (Counts Ten, Eleven, and Twelve);

        WHEREAS, the Information included a forfeiture allegation as to Counts One, Six, Seven, Ten, Eleven, and Twelve of the Information, seeking forfeiture to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), of any and all property, real and personal, that constitutes or is derived from proceeds traceable to the commission of the offenses charged in Counts One, Six, Seven, Ten, Eleven, and Twelve of the Information, including but not limited a sum of money in United States currency representing the amount

of proceeds traceable to the commission of the offenses charged in Counts One, Six, Seven, Ten, Eleven, and Twelve of the Information;

WHEREAS, the Information included a second forfeiture allegation as to Counts Four and Eight of the Information, seeking forfeiture to the United States, pursuant to Title 21, United States Code, Section 853, of any and all property constituting or derived from any proceeds obtained, directly or indirectly, as a result of the offenses charged in Counts Four and Eight of the Information and any and all property used, or intended to be used, in any manner or part, or commit, or to facilitate the commission of, the offenses charged in Counts Four and Eight of the Information, including but not to limited to a sum of money in United States currency representing the amount of proceeds traceable to the commission of the offenses charged in Counts Four and Eight of the Information;

WHEREAS, the Information included a third forfeiture allegation as to Count Nine of the Information, seeking forfeiture to the United States, pursuant to Title 18, United States Code, Section 982(a)(2)(A), of any and all property constituting or derived from any proceeds obtained, directly or indirectly, as a result of the commission of the offense charged in Count Nine of the Information, including but not to limited to a sum of money in United States currency representing the amount of proceeds traceable to the commission of the offense charged in Count Nine of the Information;

WHEREAS, on or about October 14, 2021, the Defendant pled guilty to Counts One through Twelve of the Information, pursuant to a plea agreement with the Government, wherein the Defendant admitted (i) the forfeiture allegation with respect to Counts One, Six, Seven, Ten, Eleven, and Twelve of the Information and agreed to forfeit to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28 United States Code, Section 2461(c), any and all property, real and personal, that constitutes or is derived from proceeds traceable to the commission of the offenses charged in Counts One, Six, Seven, Ten, Eleven, and Twelve of the Information, including but not limited to a sum of money in United States currency, representing proceeds traceable to the commission

of the offenses charged in Counts One, Six, Seven, Ten, Eleven, and Twelve of the Information; (ii) the forfeiture allegation with respect to Counts Four and Eight and agreed to forfeit, pursuant to Title 21, United States Code, Section 853, any and all property constituting or derived from any proceeds obtained, directly or indirectly, as a result of the offenses charged in Counts Four and Eight of the Information and any and all property used, in any manner or part, to commit, or to facilitate the commission of the offenses charged in Count Four and Eight; and (iii) the forfeiture allegation with respect to Count Nine of the Information and agreed to forfeit, pursuant to Title 18, United States Code, Section 982(a)(2)(A), any and all property constituting, or derived from, proceeds the Defendant obtained directly or indirectly, as a result of the commission of the offense charged in Count Nine of the Information, including but not limited to a sum of money in United States currency representing the amount of proceeds traceable to the commission of the offense charged in Count Nine of the Information;

WHEREAS, the Defendant consents to the entry of a money judgment in the amount of $5,680,180 in United States currency, representing the amount of proceeds traceable to the offenses charged in Counts Four, Seven, Eight, Nine, Ten, Eleven, and Twelve of the Information that the Defendant personally obtained; and

WHEREAS, the Defendant admits that, as a result of acts and/or omissions of the Defendant, the proceeds traceable to the offenses charged in Counts Four, Seven, Eight, Nine, Ten, Eleven, and Twelve of the Information that the Defendant personally obtained cannot be located upon the exercise of due diligence.

IT IS HEREBY STIPULATED AND AGREED, by and between the United States of America, by its attorney Damian Williams, United States Attorney, Assistant United States Attorney Jonathan E. Rebold, of counsel, and the Defendant and his counsel, Jill R. Shellow, Esq., that:

1. As a result of the offenses charged in Counts Four, Seven, Eight, Nine, Ten, Eleven, and Twelve of the Information, to which the Defendant pled guilty, a money judgment in the

Case 1:18-cr-00263-ALC   Document 112   Filed 05/14/24   Page 4 of 5

$5,680,180 [handwritten, with initials]

amount of $~~52,300~~ in United States currency (the "Money Judgment"), representing the amount of proceeds traceable to the offenses charged in Counts Four, Seven, Eight, Nine, Ten, Eleven, and Twelve of the Information that the Defendant personally obtained, shall be entered against the Defendant.

2. Pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, this Consent Preliminary Order of Forfeiture/Money Judgment is final as to the Defendant RAKING KEARSE, and shall be deemed part of the sentence of the Defendant, and shall be included in the judgment of conviction therewith.

3. All payments on the outstanding money judgment shall be made by postal money order, bank or certified check, made payable, in this instance, to the United States Marshals Service, and delivered by mail to the United States Attorney's Office, Southern District of New York, Attn: Illicit Finance and Money Laundering Unit, 26 Federal Plaza, New York, New York 10278 and shall indicate the Defendant's name and case number.

4. The United States Marshals Service is authorized to deposit the payments on the Money Judgment into the Asset Forfeiture Fund, and the United States shall have clear title to such forfeited property.

5. Pursuant to Title 21, United States Code, Section 853(p), the United States is authorized to seek forfeiture of substitute assets of the Defendant up to the uncollected amount of the Money Judgment.

6. Pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, the United States Attorney's Office is authorized to conduct any discovery needed to identify, locate or dispose of forfeitable property, including depositions, interrogatories, requests for production of documents and the issuance of subpoenas.

7. The Court shall retain jurisdiction to enforce this Consent Preliminary Order of Forfeiture/Money Judgment, and to amend it as necessary, pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure.

8. The signature page of this Consent Preliminary Order of Forfeiture/Money Judgment may be executed in one or more counterparts, each of which will be deemed an original but all of which together will constitute one and the same instrument.

AGREED AND CONSENTED TO:

DAMIAN WILLIAMS
United States Attorney for the
Southern District of New York

By: _____          5/8/2024
    JONATHAN E. REBOLD                          DATE
    Assistant United States Attorney
    One St. Andrew's Plaza
    New York, NY 10007
    (212) 637-2512


RAKING KEARSE

By: _____          5-10-24
    RAKING KEARSE                               DATE


By: _____          10 May 2024
    JILL R. SHELLOW, ESQ.                       DATE
    Attorney for Defendant
    15 Chester Avenue
    White Plains, NY 10601


SO ORDERED:

_____               5/10/2024
HONORABLE ANDREW L. CARTER JR.                  DATE
UNITED STATES DISTRICT JUDGE